UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | CASE NO.  1:11CR491 |
| --- | --- | --- |
| | ) | |
| | ) | JUDGE SARA LIOI |
| PLAINTIFF, | ) | |
| vs. | ) | |
| | ) | ORDER |
| JAMES C. DIMORA, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of the government to dismiss the charges in the indictment as to James C. Dimora only.[1] (Doc. No. 56.) Defendant Dimora has not filed a response, or otherwise indicated that he opposes the motion.

On March 9, 2012, the jury returned guilty verdicts against defendant Dimora relating to 33 of the 34 counts in which he was charged in the related case of *United States v. Dimora*, et al., Case No. 1:10CR387. (*See* Verdicts for James Dimora, Case No. 1:10CR387, Doc. No. 738.) The charges of which Dimora was found guilty in this related case, often referred to as "Dimora I," included:  RICO conspiracy, conspiracy to commit mail and wire fraud and honest services mail fraud, Hobbs Act conspiracy, bribery concerning programs receiving federal funds, tax fraud, obstruction of justice, and destruction of records. (*See id*.) Dimora is scheduled to be sentenced in Dimora I on July 25, 2012.

---

[1] The specific counts that that the government seeks to dismiss as to defendant Dimora, only, are Counts 2, 3, 4, and 12.

Dimora I stemmed from the same federal investigation into suspected public corruption in Cuyahoga County, Ohio that led to the October 20, 2011 filing of the indictment in the present case, often referred to as "Dimora II." The Dimora II indictment charges co-defendant Michael Forlani with bribing several different public officials, including Dimora. The indictment charges Dimora in Counts 2-4 and 12, for his alleged role in these bribery schemes. The trial in the present matter is currently scheduled to begin on October 17, 2012, with jury selection.

On April 25, 2012, government's counsel advised Dimora's counsel in writing that it was in the process of obtaining permission from the Department of Justice in Washington, D.C. to dismiss the charges currently pending against defendant Dimora in Dimora II. (Letter, Dimora's Motion for a Continuance, Doc. No. 55-1.) Following the receipt of the letter, Dimora's counsel filed a motion to continue the October 17, 2012 trial date. (Doc. No. 55.) While the motion to continue was still pending, the government received the necessary permission to withdraw the charges, and has moved to dismiss the present indictment as against defendant Dimora.

Rule 48(a) of the Federal Rules of Criminal Procedure provides:

> The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.

"Under Rule 48(a), courts must grant prosecutors leave to dismiss charges unless dismissal is 'clearly contrary to manifest public interest.' " *United States v. Stapleton,* 297 F. App'x 413, 431 (6th Cir. 2008) (quoting *Rinaldi v. United States,* 434 U.S. 22, 30 (1977)*,* and citing *United States v. Robertson*, 45 F.3d 1423, 1437 n. 14 (10th

Cir. 1995) (courts are vested only with limited supervisory power of prosecutorial charging decisions specifically under Rule 48(a)).[2] In determining whether a dismissal is "clearly contrary to manifest public interest," district courts have considered whether the decision to dismiss is made in bad faith. *See United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000) (collecting cases); *see also Rinaldi*, 434 U.S. at 30 ("The decision to terminate this prosecution…was motivated by considerations which cannot fairly be characterized as 'clearly contrary to manifest public interest.' "); *United States v. Newsome*, No. 89-5173, 1989 U.S. App. LEXIS 15818, at *4-*6 (6th Cir. Oct. 17, 1989) ("Although the burden of proof is not on the prosecutor to prove that the dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons— reasons that constitute more than 'a mere conclusory interest.' "); *but see In re United States*, 345 F.3d 450, 453-54 (7th Cir. 2003) (questioning a district court's authority to deny an uncontested motion to dismiss upon a finding of bad faith).

The government offers the following reasons for its request to dismiss the present indictment as against defendant Dimora: (1) Dimora's presence in the second trial will require significant resources; (2) the government and Dimora will expend resources devoted to Dimora in Dimora II; (3) the Guidelines range that applies in Dimora I is sufficiently high to appropriately capture all of Dimora's criminal conduct currently known to the government; (4) even if Dimora received a lower sentence in Dimora I than the government anticipates under the Guidelines, the law does not mandate additional

---

[2] "The primary purpose of Rule 48(a) is the 'protection of a defendant's rights…to prevent harassment of a defendant by charging, dismissing and re-charging without placing a defendant in jeopardy.' " *Stapleton*, 297 F. App'x at 431 (quoting *United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982) (further citations omitted)).

3

punishment following any conviction in Dimora II as the charges in the present indictment contain no mandatory minimum and the district could permit any sentence in this matter to run concurrently with any sentence from Dimora I; (5) Dimora lacks the financial resources to satisfy any restitution order in Dimora II as forfeiture in Dimora I has divested Dimora of the majority of his assets; and (6) Dimora has already divested himself of the only remaining proceeds from the Forlani bribery schemes by forfeiting his share of his family's residence during the Dimora I forfeiture proceeding.

There is nothing in the record to suggest that the government has moved to dismiss the charges against defendant Dimora for an "improper purpose." *See, e.g., Stapleton*, 297 F. App'x at 431. "In this case, the government did not seek to delay the trial, charge the defendant with different crimes, manipulate the jury, or otherwise harass the defendant." *United States v. Sprofera*, 299 F.3d 725, 727 (8th Cir. 2002). Rather, the government's request to dismiss was filed well in advance of the October 17, 2012 trial date, and the government put defense counsel on notice of its intention to seek dismissal prior to the filing of the motion. Moreover, the reasons offered in support of the motion demonstrate that the decision to seek dismissal was the result of a good faith weighing of various competing interests and a desire to conserve the resources of the courts, the government, and defendant Dimora. Thus, for the reasons set forth by the government, the Court finds that the dismissal of the present indictment as against defendant Dimora would not be clearly contrary to manifest public interest. The government's motion to

dismiss is granted, and all charges against defendant Dimora are hereby dismissed.[3] This case shall proceed against defendant Michael Forlani as to all counts.

       **IT IS SO ORDERED**.

Dated: May 25, 2012

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**

---

[3] In light of the Court's ruling, defendant Dimora's motion to continue the trial (Doc. No. 55) is denied as moot.